

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-15-00265-CV

**MARVIN WILLIE HAWKINS,**

                                                                              **Appellant**

 **v.**

**JOHN MALONE,**

                                                                              **Appellee**

_____

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2015-1271-5**

_____

## MEMORANDUM OPINION

_____

Marvin Willie Hawkins appeals the trial court's order granting a severance in the proceeding below. By letter dated August 3, 2015, the Clerk of this Court notified Hawkins that this appeal was subject to dismissal because it appeared that his notice of appeal was untimely. By the same letter, the Clerk warned Hawkins that the appeal would be dismissed unless, within 10 days from the date of the letter, a response was filed showing grounds for continuing the appeal. Hawkins filed a response, and while

it is helpful in understanding the delay, it confirms that we do not have jurisdiction of this appeal because the notice of appeal was filed late.

The trial court's order was signed on April 6, 2015. Absent the filing of a pleading that would extend the due date, Hawkins's notice of appeal was due May 6, 2015. *See* TEX. R. APP. P. 26.1. It was not filed until July 22, 2015.

Hawkins responded to the Clerk's August 3, 2015 letter by filing a motion for extension of time to file his notice of appeal. He also attached a motion for new trial which was filed with the trial court clerk on May 6, 2015. Because the motion for new trial was timely filed, Hawkins's notice of appeal was due by July 6, 2015. TEX. R. CIV. P. 329b(a); TEX. R. APP. P. 26.1(a). As noted previously, Hawkins did not file his notice of appeal until July 22, 2015. An extension of time to file a notice of appeal may be granted if, within 15 days after the deadline for filing a notice of appeal, the appealing party files a notice of appeal with the trial court and also files a motion for extension of time to file a notice of appeal with the appellate court. *See* TEX. R. APP. P. 26.3. A motion for extension of time to file a notice of appeal will be implied, however, if only the notice of appeal is filed within the time period specified by the Rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Hawkins did not comply with this rule.

Hawkins's deadline for filing his notice of appeal was July 6, 2015. To be granted an extension of time to file a notice of appeal, he was required to file a notice of appeal and a motion for extension of time to file his notice of appeal by July 21, 2015. His

notice of appeal was filed on July 22, 2015, one day past the 15 day time period to request an extension of time under Rule 26.3. The implied motion for extension of time is impliedly filed at the same time as the notice of appeal is filed; thus, the implied motion for extension of time was also "filed" on July 22, 2015, one day late. *See Verburgt*, 959 S.W.2d at 617. Hawkins's written motion for extension of time to file his notice of appeal was not filed until August 14, 2015. Accordingly, Hawkins's motions for extension of time, both written and implied, are untimely and are dismissed.

Further, because Hawkins's notice of appeal is untimely, this appeal is dismissed. *Id*. 42.3(a).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Motion dismissed
Appeal dismissed
Opinion delivered and filed August 27, 2015
[CV06]

